UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. SAFERIAN,
NICOLE NEWCOMB, as Next Friend for
Dominic Saferian and Skylar Saferian, and
SUZANNE PHILLIPS, as Next Friend for
Dillon Phillips,

    Plaintiffs,

v.

PHILIP DUROCHER, M.D.,
GENARO R. ARINDAENG, M.D.,
SECURE PHARMACY PLUS, LLC,
a foreign limited liability company,
OAKLAND COUNTY, OAKLAND
COUNTY SHERIFF'S DEPARTMENT and
MICHAEL J. BOUCHARD, individually
and/or in their official capacity, jointly and
severally,

    Defendants.
_____/

Case No. 08-10069

Honorable Patrick J. Duggan

## ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 9, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On January 4, 2008, Plaintiffs initiated this action against the above-named Defendants, alleging that Defendants were deliberately indifferent to Plaintiff Saferian's serious medical needs while he was incarcerated at the Oakland County Jail in violation of the Eighth Amendment and state law. All Defendants have answered Plaintiff's complaint. Presently

before this Court is Plaintiffs' "Motion For Voluntary Dismissal Pursuant To F.R.C.P. 41(a)(2)," which was filed on July 2, 2008.

In their motion, Plaintiffs assert that Defendants Secure Pharmacy Plus, LLC and the "Oakland County Defendants concurred with the request for voluntary dismissal <u>without</u> prejudice, on the condition that Plaintiff shall pay each party $2,000.00 in the event that they subsequently refile any action that alleges deliberate indifference against the present Defendants pursuant to 42 USC 1983 arising out of the same incident. Plaintiff agree to these terms of dismissal." (Pls.' Mot. ¶ 15 (emphasis in original).) Defendants Durocher and Arindaeng, however, oppose Plaintiffs' request for voluntary dismissal without prejudice unless, in the event of a refiling against these Defendants, Plaintiffs are required to pay to these Defendants for the costs incurred in this litigation "including and up to the approximate amount of $23,000." (Defs.' Resp. Br. at 10.)

Rule 41 of the Federal Rules of Civil Procedure governs voluntary dismissals. Because Defendants have answered Plaintiffs' complaint, Plaintiffs may voluntarily dismiss this action "only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Moreover, unless otherwise stated, voluntary dismissals under Rule 41(a)(2) are without prejudice. *Id.*

The Court **GRANTS** Plaintiffs' Motion for voluntary dismissal on the following conditions:

1. In the event Plaintiffs refile this or a similar action against Defendants Secure Pharmacy Plus, LLC. and/or "Oakland County Defendants,"

Plaintiffs shall be required to accompany the filing of such complaint with an affidavit by counsel verifying that Plaintiffs have paid the sum of $2,000 to these Defendants.

2. In the event Plaintiffs intend to refile this action or any similar action against Defendants Durocher and/or Arenaeng, Plaintiffs shall first file a motion with this Court seeking permission to file suit against either or both of these Defendants. Such motion shall be served upon the present counsel of record for these Defendants and these Defendants shall, within fifteen (15) days of such service, notify the Court and counsel for Plaintiffs with reasonable certainty, the amount of costs these Defendants believe have been incurred as a result of these Defendants defending this action. If Plaintiffs believe the costs set forth by these Defendants are not reasonable, Plaintiffs shall file objections to the costs, setting forth the basis for such objections. The Court may then set a hearing to determine the amount of costs for which Plaintiffs shall be responsible. The Court will then determine the amount of costs to be paid by Plaintiffs and Plaintiffs shall not be permitted to refile this action or any similar action against these Defendants until counsel for the Plaintiffs have filed with the Court an affidavit indicating that the amount which the Court determined should be paid has in fact been paid by Plaintiffs.

Plaintiffs' complaint is therefore **DISMISSED WITHOUT PREJUDICE** on the

above conditions.

**SO ORDERED.**

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Brian J. Richtarcik
Anne L. Randall
Keith J. Lerminiaux
Boyd E. Chapin, Jr.